United States District Court
Southern District of Texas
**ENTERED**
October 20, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| LEILA  HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:15-CV-410 |
| | § | |
| GUY  BAILEY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## <u>OPINION AND ORDER</u>

There are several motions pending before the Court in this case. First, Guy Bailey ("Bailey"), Havidán Rodríguez ("Rodríguez"), Dahlia Guerra ("Guerra"), The University of Texas-Pan American ("UTPA"), The University of Texas System ("UT System"), and The University of Texas Rio Grande Valley ("UTRGV") (collectively "Defendants") filed a Rule 12(c) motion for judgment on the pleadings on April 4, 2016,[1] to which Leila Hernandez ("Plaintiff") filed a response.[2] In turn, Defendants filed a reply.[3] Second, Plaintiff filed a motion for leave to file first amended complaint on July 12, 2016,[4] to which Defendants filed a response.[5] In turn, Plaintiff filed a reply.[6] Finally, Plaintiff filed an amended motion for leave to file first amended complaint on October 6, 2016.[7]

After considering the motions, responses, replies, record, and authorities, the Court **DENIES** the amended motion for leave and **GRANTS** the motion for judgment on the pleadings.

---

[1] Dkt. No. 10.
[2] Dkt. No. 11.
[3] Dkt. No. 12.
[4] Dkt. No. 13.
[5] Dkt. No. 14.
[6] Dkt. No. 16.
[7] Dkt. No. 19.

## I.      Background

Plaintiff asserts that in 2003, she began her employment as an assistant professor in the Department of Art in the College of Arts and Humanities at UTPA,[8] and thereafter was promoted to associate professor and received tenure from UTPA and UT System's Board of Regents on September 1, 2008.[9] Plaintiff notes that UTPA's Handbook of Operating Procedures Section 6.2.6 dictates "that tenured faculty shall remain tenured until retirement or resignation unless terminated because of abandonment of academic programs or positions[.]"[10] However, in June of 2013, a Texas Bill was signed into law ("the Act") abolishing UTPA and creating a new university within the UT System which would eventually become known as UTRGV.[11] Additionally, the Act instructed UTRGV to hire as many of the UTPA faculty "as is prudent and practical."[12]

Before applying to UTRGV, Plaintiff received a promotion at UPTA. On March 7, 2014, Rodríguez, then Provost and Vice President for Academic Affairs of UTPA,[13] recommended Plaintiff's promotion to full professor.[14] On May 27, 2014, Robert Nelson, then President of UTPA, wrote a memo to Plaintiff and sent copies to Rodríguez and Guerra, then Dean of the College of Arts and Humanities at UTPA,[15] concurring in the promotion recommendation.[16] In August of 2014, the UT System Board of Regents approved the promotion.[17] That same month, Rodríguez was named the Provost and Vice President for Academic Affairs of UTRGV.[18] On

---

[8] Dkt. No. 1-3, at p. 8.
[9] Id.
[10] Id.
[11] Dkt. No. 10-1.
[12] Id. at p. 6.
[13] Dkt. No. 1-3, at p. 8.
[14] Id. at p. 9.
[15] Id. at p. 11.
[16] Id. at p. 9.
[17] Id. at p. 10.
[18] Id.

September 1, 2014, Plaintiff's promotion became effective.[19] This promotion predated Plaintiff's application and eventual denial of a position at UTRGV, causing Plaintiff to file this lawsuit.

Once UTRGV began to hire employees, it commenced doing so in two phases. During the first phase, known as "Phase I," UTRGV accepted applications from UTPA tenured and tenure-track faculty.[20] On September 4, 2014, Plaintiff applied for Phase I hiring at UTRGV.[21] On October 6, 2014, Bailey sent Plaintiff an email explaining that UTRGV denied her employment because of the hiring requirement that applicants have "no disciplinary action for the past seven years."[22] The cited disciplinary action was a May 30, 2011 memorandum from Guerra to Plaintiff concerning Plaintiff's outside employment at South Texas College during the spring semester of 2011.[23] That semester, Plaintiff worked at South Texas College even though Guerra and Rodríguez denied Plaintiff's request for such employment that semester.[24] In the memorandum, Guerra wrote, "I must inform you that employees who engage in such conduct (continuing with outside employment without authorization) are subject to disciplinary action, up to and including termination."[25] Plaintiff alleges that no disciplinary action followed this memorandum, and when she received her UTPA personnel file, the memorandum was not included.[26]

On October 20, 2014, Plaintiff appealed her Phase I application denial explaining that the memorandum was not a disciplinary action.[27] On November 6, 2014, following Plaintiff's

---

[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] *Id.* at p. 11.
[24] *Id.*
[25] *Id.*
[26] *Id.* at p. 12.
[27] *Id.* at p. 13.

request for reconsideration, UTRGV denied her employment under Phase I.[28] During the second phase, known as "Phase II," Plaintiff "applied for the position of Art: Open Rank of Graphic Design."[29] On May 18, 2015, after receiving Plaintiff's Phase II application, UTRGV again denied her employment.[30] On August 31, 2015, Plaintiff's employment with UTPA was terminated as a result of the university's abolishment under the Act.[31]

Plaintiff thereafter filed this lawsuit in state court asserting a federal claim pursuant to 42 U.S.C. § 1983 against Bailey and Rodríguez for "deprivation of property without due process under the Fifth and Fourteenth Amendments to the United States Constitution concerning her interested in continued employment at UTPA, and the UT System and employment at UTRGV."[32] While Plaintiff specifically argues that "Rodríguez and Bailey are liable . . . for the Constitutional deprivation,"[33] her complaint also appears to suggest a Constitutional claim against Guerra for his role, along with Rodríguez, in "arbitrarily refus[ing] to approve outside employment to [Plaintiff] for the Spring semester 2011 . . . result[ing] in [Plaintiff] not transitioning during Phase I hiring of tenured UTPA professors."[34] Plaintiff also seeks a declaratory judgement as to UPTA, UTRGV, and UT System, pursuant to the Texas Declaratory Judgment Act, "that she was denied a constitutionally protected interest in continued employment . . . without due course of law."[35]

The case was then removed to this Court pursuant to 28 U.S.C. § 1331.[36] Plaintiff asserts generally that her tenured position at UTPA and UT System gave her a property interest in her

---

[28] *Id.* at p. 14.
[29] *Id.* at p. 14.
[30] *Id.*
[31] *Id.* ("Hernandez's tenured employment with UTPA and UT System will terminate on August 31, 2015.").
[32] *Id.* at p. 15.
[33] *Id.*
[34] *Id.* at p. 17.
[35] *Id.* at p. 18.
[36] Dkt. No. 1.

continued employment at UTRGV.[37] Plaintiff further asserts that she was denied the right to notice and a hearing before being deprived of that property interest in an arbitrary and capricious manner.[38] The Court now turns to the instant motions.

## II.   Motions for Leave to Amend

Under Federal Rule of Civil Procedure 15(a), a party may amend his pleadings once as a matter of course within 21 days after serving it, or if the pleading requires a responsive pleading, within 21 days after a responsive pleading is served. Thereafter, a party may amend only with written consent of the opposing party or by leave of the Court.[39] Since Plaintiff cannot amend as a matter of course and does not provide written consent of Defendants, Plaintiff requires leave of Court to amend.

Rule 15(a) provides that leave to amend a party's pleading "shall be freely given when justice so requires."[40] Indeed, the Fifth Circuit has stated that "a district court must possess a 'substantial reason' to deny a request for leave to amend."[41] In determining whether to allow leave to amend a complaint, courts examine whether there was 1) undue delay; 2) bad faith or dilatory motive; 3) repeated failure to cure deficiencies by previous amendments; 4) undue prejudice to the opposing party; and 5) futility of the amendment.[42] In the absence of any of these factors, the Court should freely grant the requested leave.[43] Nevertheless, the decision whether to grant leave to amend lies within the Court's sound discretion.[44]

---

[37] Dkt. No. 1-3, at p. 15.
[38] *Id.* at p. 16–17.
[39] FED. R. CIV. P. 15(a)(2).
[40] FED. R. CIV. P. 15(a). *See also Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (citation omitted) (noting that the language of Rule 15(a) "evinces a bias in favor of granting leave to amend").
[41] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Lyn-Lea Travel Corp.*, 283 F.3d at 286)).
[42] *Id.* (citing *Rosezweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).
[43] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[44] *Smith*, 393 F.3d at 595 (quoting *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)).

Here, there are two motions for leave to amend. The Court considers the more recent of the two motions as it amends the first. After reviewing the amended motion and the proposed complaint, the Court finds that granting leave to amend would be futile. A motion for leave to amend is futile if "the amended complaint would fail to state a claim upon which relief could be granted."[45] As more fully discussed below, Plaintiff's existing complaint does not show that Defendants violated any Due Process rights or that she is entitled to the requested declaratory judgment. The proposed amendments would not make any claims meritorious. As a result, the Court denies the amended motion for leave to amend.

### III.   Motion for Judgment on the Pleadings

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)."[46] To survive a 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[47] This does not require detailed factual allegations, but it does require "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[48] The Court regards all such well-pleaded facts as true and views them in the light most favorable to the plaintiff.[49] Considered in that manner, factual allegations must raise a right of relief above the speculative level.[50]

Pursuant to the Supreme Court precedent set forth in *Ashcroft v. Iqbal*,[51] the Court first disregards from its analysis any conclusory allegations as not entitled to the assumption of truth.[52] The Court then undertakes the "context-specific" task of determining whether well-

---

[45] *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

[46] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citations omitted).

[47] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008) (internal quotations omitted).

[48] *Twombly*, 550 U.S. at 555.

[49] *Id.*

[50] *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555).

[51] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[52] *See id.* at 678–79.

pleaded allegations give rise to an entitlement of relief to an extent that is plausible, rather than merely possible or conceivable.[53] The "plausibility" standard requires the complaint to state "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements."[54] As the Supreme Court recently clarified, the plausibility standard concerns the factual allegations of a complaint; the federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."[55]

### a.    *Procedural Due Process Claim Against Bailey and Rodríguez*

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United states, and must show that the alleged deprivation was committed by a person acting under color of state law."[56] In the instant case, Plaintiff asserts a procedural due process claim against Bailey and Rodríguez claiming: (1) that Bailey denied Plaintiff "the right to notice and a hearing prior to the deprivation of her property right;" and (2) that Rodríguez "had the opportunity to provide some type of adequate pre-deprivation remedy and failed to do so."[57] In turn, Defendants argue that Plaintiff was provided with all of the procedural process she was due since the decision to abolish UTPA, and consequently Plaintiff's tenured position, "was made by the legislature and not through an administrative decision by UTPA, UTRGV, UT System, or the Individual Defendants."[58]

---

[53] *See id.* at 679–80.
[54] *In re So. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).
[55] *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346–47 (2014).
[56] *West v. Atkins*, 487 U.S. 42, 48 (1988).
[57] Dkt. No. 1-3, at pp. 12–13.
[58] Dkt. No. 10, at p. 9.

In Texas, tenured faculty members do have a constitutionally protected interest in their employment.[59] However, "when a legislature extinguishes a property interest via legislation that affects a general class of people, the legislative process provides all the process that is due."[60] Here, the Act terminated the employment of all UTPA employees when UTPA was abolished. Thus, it was an act of the Texas Legislature which extinguished the property interests of individuals in their tenured positions at UTPA, i.e., legislation extinguishing a property interest affecting a general class of people. As Plaintiff's original complaint notes, the Act, which created UTRGV, stated: "[i]n recognition of the abolition of [UTPA] . . . *as authorized by this Act*, the board of regents shall facilitate the employment at [UTRGV] of as many faculty and staff of [UTPA] as is prudent and practical."[61]

Furthermore, Plaintiff's original complaint acknowledges that UTPA's Handbook of Operating Procedures states "that tenured faculty shall remain tenured until retirement or resignation unless terminated because of abandonment of academic programs or positions[.]"[62] Clearly, Plaintiff was terminated because her position at UTPA was abandoned when UTPA was abolished by the Act. Moreover, Plaintiff cannot claim that her protected property interest in a tenured position at UTPA automatically granted her tenure at UTRGV because "faculty in the University of Texas system are tenured to their particular component institution[.]"[63]

Since the legislative process afforded all the due process Plaintiff was entitled to receive, Plaintiff has failed to allege facts showing that Bailey or Rodríguez deprived Plaintiff of her right to procedural due process. Thus, the Court finds that Plaintiff has failed to state a procedural due

---

[59] *Newman v. Kock*, 274 S.W.3d 697, 706 (Tex. App.—San Antonio 2008, no pet.) (citing *Perry v. Sindermann*, 408 U.S. 593, 599 (1972)).
[60] *McMurtray v. Holladay*, 11 F.3d 499, 504 (5th Cir. 1993).
[61] Dkt. No. 1-3, at p. 16 (emphasis added).
[62] *Id.* at p. 8.
[63] *Texas Faculty Ass'n v. Univ. of Texas at Dallas*, 946 F.2d 379, 386 (5th Cir. 1991).

process claim. Accordingly, the Court **GRANTS** Defendants' motion for judgment on the pleadings as to Plaintiff's procedural due process claim, and **DISMISSES THE CLAIM WITH PREJUDICE.**

    **b.**   *Substantive Due Process Claim Against Bailey, Rodríguez, and Guerra*

   Plaintiff also asserts a substantive due process claim against Bailey and Rodríguez, claiming that their decision to terminate Plaintiff's protected property interest was "arbitrary and capricious,"[64] and further alleges that Rodríguez and Guerra's "arbitrary refus[al] to approve outside employment to [Plaintiff]"[65] prevented her from being hired at UTRGV, even though Plaintiff "had a property interest/right in her employment at UTPA, the UT System, and UTRGV."[66] As noted earlier, Plaintiff's position was terminated by the Act, and Plaintiff did not have a protected property interest at UTRGV because her tenure was limited solely to UTPA. Generally, legislative decisions which cause the deprivation of a right "are subject . . . to substantive due process analysis."[67]

   The substantive due process component of the Fifth and Fourteenth Amendments "forbids the government [from infringing on] certain fundamental liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest."[68] However, in cases where no fundamental right has been implicated, the Fifth Circuit has provided the following guidance:

   [T]he due process clause, of its own force, requires at a minimum that state action be supportable by some legitimate goal and that the means chosen for its achievement be rational, i.e., it is of no consequence that the state's method is

---

[64] Dkt. No. 1-3, at pp. 16–17.
[65] *Id.* at p. 17.
[66] *Id.* at p. 11.
[67] *Martin v. Mem. Hosp. at Gulfport*, 130 F.3d 1143, 1149 (5th Cir. 1997).
[68] *Reno v. Flores*, 507 U.S. 292, 301–02 (1993) (internal quotation marks omitted).

over-inclusive or under-inclusive, so long as its legitimate goal may be attained by the means chosen.[69]

Stated in other terms, the state action must not be arbitrary and capricious such that it shocks the conscience.[70]

As noted earlier, Plaintiff had a protected property interest at UTPA. Nevertheless, "merely having a liberty or property interest guaranteed by the Constitution is not equivalent to having a fundamental right."[71] Thus, since no fundamental right is implicated in this case,[72] Plaintiff can only establish her substantive due process claim by showing that the legislative action in question is not rationally related to a legitimate goal, i.e., a legitimate state interest.

Here, Plaintiff's original complaint fails to allege that the Act's abolishment of UTPA, and consequently the termination of Plaintiff's employment, is not rationally related to a legitimate state interest. As Plaintiff acknowledges, it was in fact the Act which abolished UTPA.[73] Consequently, the decision to terminate Plaintiff's employment did not originate from Bailey or Rodríguez as Plaintiff asserts but rather from the Act's closure of UTPA.

To the extent that Plaintiff's claim is premised on Rodríguez and Guerra's decision to deny Plaintiff outside employment, Plaintiff nonetheless fails to sufficiently allege a substantive due process claim. However tenuous this claim may be, Plaintiff must show that the decision was made without a rational connection between the known facts and the decision or between the found facts and the evidence, and must show, not simply allege, that the abuse of power shocks the conscience.[74] Plaintiff has failed to do so.

---

[69] *Martin*, 130 F.3d at 1149 (citation omitted).
[70] *Doe ex rel. Magee v. Covington County School Dist. ex. rel. Keys*, 675 F.3d 849, 876 (5th Cir. 2012).
[71] *Anthony v. State*, 209 S.W.3d 296 (Tex. App.—Texarkana 2006, no pet.).
[72] *See Massachusetts Bd. of Retirement v. Murgia*, 427 U.S. 307, 313 (1976) ("This Court's decisions give no support to the proposition that a right of governmental employment Per se is fundamental.").
[73] Dkt. No. 1-3, at pp. 15–16.
[74] *Lewis v. Univ. of Texas Med. Branch at Galveston*, 665 F.3d 625, 631 (5th Cir. 2011).

Since Plaintiff's original petition fails to allege that the legislative action in question is not rationally related to a legitimate state interest, Plaintiff's substantive due process claim fails as a matter of law. Thus, the Court **GRANTS** Defendants' motion for judgment on the pleadings as to this claim as well. Accordingly, Plaintiff's substantive due process claim is **DISMISSED WITH PREJUDICE.**

### c.    *Declaratory Judgment as to UTPA, UTRGV, and UT System*

Plaintiff seeks a declaratory judgment as to UTPA, UTRGV, and UT System, pursuant to the Texas Declaratory Judgment Act, "that she was denied a constitutionally protected interest in continued employment . . . without due course of law."[75] "However, the [Texas Declaratory Judgment Act] is a procedural, and not a substantive, provision and therefore does not apply to actions in federal court."[76] Thus, once a case has been removed, an "action under the Texas Declaratory Judgment Act is construed as one brought under the federal Declaratory Judgment Act[.]"[77]

With that in mind, the Court notes that Plaintiff's federal declaratory judgment claim is asserted against UTPA, UTRGV, and UT System. However, state entities such as UTPA, UTRGV, and UT System, as arms of the state, are entitled to sovereign immunity under the Eleventh Amendment absent a voluntary waiver or Congressional abrogation.[78] Moreover, waiver will only be found "where stated 'by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction.'"[79] "Likewise, in determining whether Congress . . . has abrogated the States' Eleventh Amendment

---

[75] *Id.* at p. 18.
[76] *Vera v. Bank of Am., N.A.*, 569 F. App'x 349, 352 (5th Cir. 2014) (citing *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998).
[77] *Honey Holdings I, Ltd. v. Alfred L. Wolff, Inc.*, 81 F. Supp. 3d 543, 555 (S.D. Tex. 2015).
[78] *See Sullivan v. Univ. of Tex. Health Sci. Ctr. At Houston Dental Branch*, 217 F. App'x 391, 392 (5th Cir. 2007).
[79] *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)).

immunity, . . . an unequivocal expression of congressional intent [is required] to overturn the constitutionally guaranteed immunity of the several States."[80]

Here, nothing has been presented to the Court indicating any such intent by Congress to abrogate Texas' sovereign immunity or indicating that Texas has waived its Eleventh Amendment immunity with respect to Plaintiff's declaratory judgment claim. Thus, the Eleventh Amendment deprives this Court of federal jurisdiction to hear Plaintiff's suit against UPTA, UTRGV, and UT System.[81] Accordingly, Plaintiff's declaratory judgment claim is **DISMISSED WITH PREJUDICE**.

### IV.    Holding

For the foregoing reasons, the Court **DENIES** the amended motion for leave and **GRANTS** the motion for judgment on the pleadings. All of Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**. A separate final judgment will issue.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 20th day of October, 2016.

_____
Micaela Alvarez
United States District Judge

---

[80] *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 240 (1985) (internal quotations omitted).
[81] *See Warnock v. Pecos County, Tex.*, 88 F.3d 341, 342 (5th Cir. 1996) ("Eleventh Amendment sovereign immunity deprives a federal court of jurisdiction to hear a suit against a state.").